**IN THE CIRCUIT COURT FOR THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, STATE OF FLORIDA
A CIVIL ACTION**

DEBORAH DUBE,
Plaintiff,

v.

LDRV HOLDINGS CORP. d/b/a LAZY DAYS,
Defendant.
_______________________________________/

CASE NO.:

COMPLAINT FOR DAMAGES
JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff, DEBORAH DUBE, sues Defendant, LDRV HOLDINGS CORP. d/b/a LAZY DAYS, and states as follows:

## GENERAL ALLEGATIONS

1. Defendant LDRV HOLDINGS CORP. d/b/a LAZY DAYS ("Lazy Days") is a Florida corporation with its principal place of business at 6130 Lazy Days Boulevard in Seffner, Hillsborough County, Florida 33584.

2. Plaintiff DEBORAH DUBE ("Dube") is a former employee of Defendant who, at all times herein, worked at Defendant's Seffner, Hillsborough County, Florida location.

3. At all times relevant, Defendant employed over 15 employees in Florida.

4. Plaintiff Dube began working for Defendant as its Human Resources Director in or around June 27, 2001.

5. Plaintiff Dube was discharged under pretext in June of 2014.

6. Plaintiff Dube consistently adequately fulfilled her job responsibilities.

7. Plaintiff Dube never received any written warnings.

8. Plaintiff Dube is a female who, at all times relevant, was over the age of 55.

9. Plaintiff Dube suffers from medically diagnosed diabetes, obstructive sleep apnea, hypothyroidism, anxiety, hypertension, abnormal EKG, diverticulitis and various cardiac issues.

10. Plaintiff Dube's medical conditions, both separately and together, substantially limit and continue to limit one or more of her major life activities. Plaintiff Dube is a disabled individual.

11. Plaintiff Dube has a history of said disabilities and, at all times relevant, was regarded as having said disabilities by Defendant.

12. At all times Plaintiff Dube kept the Defendant up-to-date on her medical conditions. Defendant knew that Plaintiff Dube's medical conditions were serious and knew that it created a disability.

13. In December of 2013, Plaintiff Dube was advised by her medical doctor that due to her medical issues and pending cardiac testing that she should temporarily not travel.

14. Plaintiff Dube was scheduled to travel to Tucson, Arizona the day after Christmas to terminate three (3) employees, she therefore immediately sent an email to Tim Sheehan (CEO at the time), informing him of said medical advisement and restriction. Plaintiff Dube advised Mr. Sheehan that she would be able to handle the terminations over the telephone with co-worker Chris Trapeni sitting in on the termination meetings in Tucson.

15. Plaintiff Dube also advised Mr. Sheehan, at the same time, that her medical doctor advised her to not work as many hours. Plaintiff Dube suggested and requested that she would like to reduce her work hours to eight (8) or nine (9) hours per day. Plaintiff Dube also requested Mr. Sheehan to adjust her work hours for four (4) weeks to 11 AM to 7 PM in order to schedule upcoming medical appointments without having to interfere with work. Mr. Sheehan agreed to all of Plaintiff Dube's suggestions, requests and changes.

16. During this same time period, Mr. Sheehan told Plaintiff Dube that he was going to promote a younger employee, Linda Stephens (age 36), to a VP Operations position and put HR, Property Management and other departments under Ms. Stephens. Plaintiff Dube was surprised by this news and asked Mr. Sheehan if he would consider her (Ms. Dube) for said promotion. Mr. Sheehan responded that Ms. Stephens was "young and bright" and that he was putting together a developmental plan for her (Ms. Stephens).

17. On or around December 20, 2013, when Plaintiff Dube continued to show interest in the promotion and again asked Mr. Sheehan to consider her for said position, Mr. Sheehan interrupted her and told her that he was putting the position on hold for the time being. Plaintiff Dube complained of this response and told Mr. Sheehan that she felt this was discriminatory in nature. Mr. Sheehan then stated that he wanted to set up a meeting between themselves and Randy after the first of the year to discuss a possible backup plan in regards to Plaintiff Dube's medical appointments, in case she would need more accommodated time for medical appointments/testing. This, however, never happened.

18. On Friday, December 27, 2013, Mr. Sheehan invited Plaintiff Dube to a meeting with himself and Randy. At this meeting, Mr. Sheehan advised Plaintiff Dube that she no longer reported to him but to now report directly to Randy. Plaintiff Dube was essentially being demoted from the senior management team.

19. Plaintiff Dube immediately questioned and complained of this change that seemingly came out of nowhere.

20. Shortly thereafter, on January 1, 2014, not only was Plaintiff Dube's report changed but she was then told not to attend the senior management meetings (which Plaintiff Dube had

been attending for almost thirteen (13) years) and that her name was removed from the senior management email distribution list.

21. This series of demotions were discriminatory, harassing and retaliatory in nature, based on Plaintiff Dube's disabilities (health), age and prior complaints of discrimination.

22. On January 16, 2014, Plaintiff Dube wrote a formal complaint of discrimination, harassment and retaliation to William P. Murnane of Wyzata Investment Partners. This letter was also forwarded to other owners of Lazy Days.

23. Plaintiff Dube was told that an investigation would be conducted.

24. Said "investigation" into Plaintiff Dube's complaint letter ensued but it took months for anyone to even interview her. Meanwhile, Plaintiff Dube's environment at work continued to disintegrate and Plaintiff Dube continued to be retaliated against.

25. On or around March 20, 2014, Plaintiff Dube was told that the investigation/case was closed but that she would not be receiving a copy of the report. Plaintiff Dube was also told to hire an assistant HR director. Plaintiff Dube was still being left out of all senior management discussions, emails, etc. (even though she continued to be the director of HR).

26. Plaintiff Dube's work environment became more hostile as Mr. Sheehan continued to systematically change the terms and conditions of her employment in an effort to push Plaintiff Dube towards resignation.

27. At the end of May, beginning of June of 2014, Plaintiff Dube began filling out paperwork for intermittent FMLA due to her medical conditions / disabilities.

28. On or around June 6, 2014, Plaintiff Dube found out that the younger, less qualified, Ms. Stephens, was in fact receiving the promotion that Mr. Sheehan had refused to even consider Plaintiff Dube for (discriminatorily because of her age and disabilities and in retaliation).

29. On or around June 11, 2014, Plaintiff Dube dual-filed a Charge of Discrimination with the U.S. Equal Employment Opportunity ("EEOC") and the Florida Commission on Human Relations ("FCHR") for age and disability discrimination, harassment and retaliation for complaining of said discrimination/harassment.

30. At this same time, another employee, Lisa Allen, had been discharged at the directive of the marketing director with the support of the chief financial officer but there were no prior performance discussions or warnings with Ms. Allen. Because of there being no prior performance discussions or warnings, Plaintiff Dube disagreed with the decision to discharge Ms. Allen and recommended that Ms. Allen receive warnings prior to being discharged.

31. On June 12, 2014, Karen M. Buesing (attorney with Akerman, LLP. who was responding to the EEOC Charge filed by Ms. Allen) asked Plaintiff Dube to change her recommendation to not discharge Ms. Allen (Defendant was preparing its response to the EEOC and, as part of its response, Defendant wanted to fabricate "facts" related to Ms. Allen's discharge, claim the discharge was justified and falsely claim everyone had agreed with the discharge decision). Plaintiff Dube did not feel comfortable with said request, did not want to lie to a government agency and therefore did not change her recommendation that Ms. Allen should not have been terminated. In doing so, Plaintiff Dube refused to submit false information to the EEOC as demanded by Defendant.

32. The very next day, on June 13, 2014, Plaintiff Dube was terminated from her employment and was informed that it was in the employer's "best interest" that she be discharged due to Plaintiff Dube's failure to change her recommendation in regards to Ms. Allen's termination.

33. Plaintiff Dube was pretextually terminated.

34. Plaintiff Dube was discharged not only because of her age and disabilities and in retaliation for engaging in protected activity but also because she refused to sign a false report and recommendation that was to be given to the EEOC in its investigation of the Lisa Allen v. Lazy Days Charge.

35. The above represents only a portion of the discriminatory, harassing, retaliatory and disparate treatment that Plaintiff Dube was subjected to and is only a brief summary of Defendant's violations of the Florida Civil Rights Act.

**COUNT I**
Age Discrimination – FCRA

36. Plaintiff Dube realleges paragraphs 1-35 as if fully alleged herein.

37. This action is brought pursuant to the Florida Civil Rights Act; Florida Statutes Chapter 760.

38. The amount in controversy currently exceeds $15,000.00.

39. At all times relevant during Plaintiff Dube's employment, she was between the ages of 46 and 59.

40. In December of 2013, Mr. Sheehan told Plaintiff Dube that he was going to promote a younger employee, Linda Stephens (age 36), to a VP Operations position and put HR, Property Management and other departments under Ms. Stephens. Plaintiff Dube was surprised by this news and asked Mr. Sheehan if he would consider her (Ms. Dube) for said promotion. Mr. Sheehan responded that Ms. Stephens was "young and bright" and that he was putting together a developmental plan for her (Ms. Stephens).

41. On or around December 20, 2013, when Plaintiff Dube continued to show interest in the promotion and again asked Mr. Sheehan to consider her for said position, Mr. Sheehan interrupted her and refused to discuss said promotion with her. Defendant ended up denying

Plaintiff the promotion and instead promoted the "young and bright" Linda Stephens, who was less qualified than Plaintiff Dube, to the position.

42. The allegations above represent only a fraction of the inappropriate, discriminatory treatment and conduct by Defendant directed at Plaintiff Dube.

43. Defendant, through its agents and supervisors, engaged in a pattern and practice of unlawful discrimination by subjecting Plaintiff Dube to disparate treatment in violation of Chapter 760.

44. The above-described discriminatory conduct adversely affected the terms and conditions of Plaintiff Dube's employment and interfered with Plaintiff Dube's emotional well-being.

45. Defendant, at all times relevant hereto, had actual and constructive knowledge of the conduct described in paragraphs 1-35 and 39-41.

46. As a result of the discriminatory actions perpetrated by Defendant and maintained by Defendant's failure to protect Plaintiff Dube from further discrimination, Plaintiff Dube suffered emotional distress.

47. Defendant violated Chapter 760 by failing to adequately supervise, control, discipline and/or otherwise penalize the conduct, acts and failures to act of its employees and management as described in paragraphs 1-35 and 39-41.

48. Defendant failed to comply with its statutory duty to take all reasonable and necessary steps to eliminate discrimination from the workplace and to prevent it from occurring in the future.

49. Plaintiff Dube is informed and believes, and based thereon alleges, that in addition to the practices enumerated above, Defendant has engaged in other discriminatory practices against

her which are not yet fully know. As such discriminatory practices become known, Plaintiff Dube will seek leave of Court to amend this Complaint in that regard.

50. Plaintiff Dube has dual-filed a charge of discrimination with both the U.S. Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR"). Over 180 days have passed since filing. Plaintiff Dube has exhausted her administrative remedies.

51. As a direct and proximate result of Defendant's willful, knowing and intentional discrimination against her, Plaintiff Dube has suffered and will continue to suffer pain and suffering, mental anguish and emotional distress. Plaintiff Dube has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff Dube is thereby entitled to general and compensatory damages in amounts to be proven at trial.

52. As a further, direct and proximate result of Defendant's violations of Chapter 760 as heretofore described, Plaintiff Dube has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of her employment relationship with Defendant, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to her. Plaintiff Dube will therefore seek leave of Court to amend this Complaint in that regard when the same shall be fully and finally ascertained. Plaintiff Dube requests that attorneys' fees and costs be awarded pursuant to Chapter 760 and applicable State law.

53. Plaintiff Dube is informed and believes, and based thereon alleges, that the outrageous conduct of Defendant described above was done with oppression and malice, with a conscious disregard for her rights and with the intent, design and purpose of injuring her. Plaintiff Dube is further informed and believes that Defendant, through its officers, managing agents and/or

its supervisor, authorized, condoned and/or ratified the unlawful conduct of its employees and managers. Plaintiff Dube is entitled to punitive damages in an amount to be determined.

54. Plaintiff Dube demands trial by jury on all issues so triable.

WHEREFORE, Plaintiff Dube prays this Court award judgment in her favor against Defendant for compensatory damages including back pay, front pay (or reinstatement), punitive damages and damages for emotional distress, pain and suffering and mental anguish, pre- and post-judgment interest, costs and such other relief as this Court deems proper.

**COUNT II**

Age Harassment – FCRA

55. Plaintiff Dube realleges paragraphs 1-35 as if fully alleged herein.

56. This action is brought pursuant to the Florida Civil Rights Act; Florida Statutes Chapter 760.

57. The amount in controversy currently exceeds $15,000.00.

58. At all times relevant during Plaintiff Dube's employment, she was between the ages of 46 and 59.

59. In December of 2013, Mr. Sheehan told Plaintiff Dube that he was going to promote a younger employee, Linda Stephens (age 36), to a VP Operations position and put HR, Property Management and other departments under Ms. Stephens. Plaintiff Dube was surprised by this news and asked Mr. Sheehan if he would consider her (Ms. Dube) for said promotion. Mr. Sheehan responded that Ms. Stephens was "young and bright" and that he was putting together a developmental plan for her (Ms. Stephens).

60. On or around December 20, 2013, when Plaintiff Dube continued to show interest in the promotion and again asked Mr. Sheehan to consider her for said position, Mr. Sheehan interrupted her and refused to discuss said promotion with her.

61. The allegations described above represent only a fraction of the inappropriate, harassing treatment and conduct by Defendant directed at Plaintiff Dube.

62. Defendant, through its agents and supervisors, engaged in a pattern and practice of unlawful harassing treatment and conduct by subjecting Plaintiff to disparate treatment in violation of Chapter 760.

63. The above-described harassing conduct adversely affected the terms and conditions of Plaintiff Dube's employment and interfered with Plaintiff Dube's emotional well-being

64. Defendant, at all times relevant hereto, had actual and constructive knowledge of the conduct described in paragraphs 1-35 and 58-60.

65. As a result of the harassing actions perpetrated by Defendant and maintained by Defendant's failure to protect Plaintiff Dube from further harassment, Plaintiff Dube suffered emotional distress.

66. Defendant violated Chapter 760 by failing to adequately supervise, control, discipline and/or otherwise penalize the conduct, acts and failures to act of its employees and management as described in paragraphs 1-35 and 58-60.

67. Defendant failed to comply with its statutory duty to take all reasonable and necessary steps to eliminate harassment from the workplace and to prevent it from occurring in the future.

68. Plaintiff Dube is informed and believes, and based thereon alleges, that in addition to the practices enumerated above, Defendant has engaged in other harassing practices against her which are not yet fully know. As such harassing practices become know, Plaintiff Dube will seek leave of Court to amend this Complaint in that regard.

69. Plaintiff Dube has dual-filed a charge of discrimination/harassment with the U.S. Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") against Defendant. Over 180 days have passed since filing. Plaintiff Dube has exhausted her administrative duties.

70. As a direct and proximate result of Defendant's willful, knowing and intentional harassment against her, Plaintiff Dube has suffered and will continue to suffer pain and suffering, mental anguish and emotional distress. Plaintiff Dube has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff Dube is thereby entitled to general and compensatory damages in amounts to be proven at trial.

71. As a further, direct and proximate result of Defendant's violations of Chapter 760 as heretofore described, Plaintiff Dube has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of her employment relationship with Defendant, and has thereby incurred, and will continued to incur, legal fees and costs, the full nature and extent of which are presently unknown to her. Plaintiff Dube will therefore seek leave of Court to amend this Complaint in that regard when the same shall be fully and finally ascertained. Plaintiff Dube requests that attorneys' fees and costs be awarded pursuant to Chapter 760 and applicable State law.

72. Plaintiff Dube is informed and believes, and based thereon alleges, that the outrageous conduct of Defendant described above was done with oppression and malice, with a conscious disregard for her rights and with the intent, design and purpose of injuring her. Plaintiff Dube is further informed and believes that Defendant, through its officers, managing agents and/or its supervisor, authorized, condoned and/or ratified the unlawful conduct of its employees and managers. Plaintiff Dube is entitled to punitive damages in an amount to be determined.

73. Plaintiff Dube demands trial by jury on all issues so triable.

WHEREFORE, Plaintiff Dube prays this Court award judgment in her favor against Defendant for compensatory damages including back pay, front pay (or reinstatement), punitive damages and damages for emotional distress, pain and suffering and mental anguish, pre- and post-judgment interest, costs and such other relief as this Court deems proper.

**COUNT III**
Disability Discrimination – FCRA

74. Plaintiff Dube realleges paragraphs 1-35 as if fully alleged herein.

75. This action is brought pursuant to the Florida Civil Rights Act; Florida Statutes 760.

76. At all times relevant, Defendant employed over fifteen (15) employees and was/is an employer as defined in Chapter 760.

77. The amount in controversy currently exceeds $15,000.00.

78. Plaintiff Dube suffers from medically diagnoses diabetes and various cardiac issues.

79. Plaintiff Dube's medical conditions substantially limit and continue to limit one or more of her major life activities.

80. Plaintiff Dube is a disabled person. Plaintiff Dube has a history of said disabilities and, at all times relevant, was regarded as having said disabilities by Defendant. Plaintiff Dube, at all times relevant, kept the Defendant up-to-date on her medical conditions/disabilities.

81. Plaintiff Dube had been adequately performing the essential functions of her job since her being hired in 2001. At the time of her termination, Plaintiff Dube was qualified and able to perform the essential functions of her job.

82. Plaintiff Dube was regularly treated differently than her non-disabled co-workers.

83. Plaintiff was pretextually terminated on or around June 6, 2014.

84. The allegations described above represent only a fraction of the inappropriate, discriminatory treatment and conduct by Defendant directed at Plaintiff Dube.

85. Defendant, at all times relevant thereto, had actual and constructive knowledge of the conduct described in paragraphs 1-35 and 78-83.

86. As a result of the discriminatory actions perpetrated by Defendant and maintained by Defendant's failure to protect Plaintiff Dube from further discrimination, Plaintiff Dube suffered emotional distress.

87. Defendant violated Chapter 760 by failing to adequately supervise, control, discipline and/or otherwise penalize the conduct, acts and failures to act of its employees and management as described in paragraphs 1-35 and 78-83.

88. Plaintiff Dube is informed and believes, and based thereon alleges, that in addition to the practices enumerated above, Defendant has engaged in other discriminatory practices against her which are not yet fully known. As such discriminatory practices become known, Plaintiff Dube will seek leave of Court to amend this Complaint in that regard.

89. Plaintiff Dube has dual-filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") against Defendant. Over 180 days have passed since filing. Plaintiff Dube has exhausted her administrative remedies.

90. As a direct and proximate result of Defendant's willful, knowing and intentional discrimination against her, Plaintiff Dube has suffered and will continue to suffer pain and suffering, mental anguish and emotional distress. Plaintiff Dube has suffered and will continue to

suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff Dube is thereby entitled to general and compensatory damages in amounts to be proven at trial.

91. As a further, direct and proximate result of Defendant's violations of Chapter 760 as heretofore described, Plaintiff Dube has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of her employment relationship with Defendant, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to her. Plaintiff will therefore seek leave of Court to amend this Complaint in that regard when the same shall be fully and finally ascertained. Plaintiff Dube requests that attorneys' fees and costs be awarded pursuant to Chapter 760 and applicable State law.

92. Plaintiff Dube is informed and believes, and based thereon alleges, that the outrageous conduct of Defendant described above was done with oppression and malice, with a conscious disregard for her rights and with the intent, design and purpose of injuring her. Plaintiff Dube is further informed and believes that Defendant, through its officers, managing agents and/or its supervisor, authorized, condoned and/or ratified the unlawful conduct of its employees and managers. Plaintiff Dube is entitled to punitive damages in an amount to be determined.

93. Plaintiff Dube demands trial by jury on all issues so triable.

WHEREFORE, Plaintiff Dube prays this Court award judgment in her favor against Defendant for compensatory damages including back pay, front pay (or reinstatement), punitive damages and damages for emotional distress, pain and suffering and mental anguish, pre- and post-judgment interest, costs and such other relief as this Court deems proper.

## COUNT IV
### Disability Harassment – FCRA

94. Plaintiff Dube realleges paragraphs 1-35 as if fully alleged herein.

95. This action is brought pursuant to the Florida Civil Rights Act; Florida Statutes 760.

96. At all times relevant, Defendant employed over fifteen (15) employees and was/is an employer as defined in Chapter 760.

97. The amount in controversy currently exceeds $15,000.00.

98. Plaintiff Dube suffers from medically diagnoses diabetes and various cardiac issues.

99. Plaintiff Dube's medical conditions substantially limit and continue to limit one or more of her major life activities.

100. Plaintiff Dube is a disabled person. Plaintiff Dube has a history of said disabilities and, at all times relevant, was regarded as having said disabilities by Defendant. Plaintiff Dube, at all times relevant, kept the Defendant up-to-date on her medical conditions/disabilities.

101. Plaintiff Dube had been adequately performing the essential functions of her job since her being hired in 2001. At the time of her termination, Plaintiff Dube was qualified and able to perform the essential functions of her job.

102. Plaintiff Dube was regularly treated differently than her non-disabled co-workers.

103. Plaintiff was pretextually terminated on or around June 6, 2014.

104. The allegations described above represent only a fraction of the inappropriate, harassing treatment and conduct by Defendant directed at Plaintiff Dube.

105. Defendant, at all times relevant thereto, had actual and constructive knowledge of the conduct described in paragraphs 1-35 and 98-103.

106. As a result of the harassing actions perpetrated by Defendant and maintained by Defendant's failure to protect Plaintiff Dube from further discrimination, Plaintiff Dube suffered emotional distress.

107. Defendant violated Chapter 760 by failing to adequately supervise, control, discipline and/or otherwise penalize the conduct, acts and failures to act of its employees and management as described in paragraphs 1-35 and 98-103.

108. Plaintiff Dube is informed and believes, and based thereon alleges, that in addition to the practices enumerated above, Defendant has engaged in other harassing practices against her which are not yet fully known. As such harassing practices become known, Plaintiff Dube will seek leave of Court to amend this Complaint in that regard.

109. Plaintiff Dube has dual-filed a charge of discrimination/harassment with the U.S. Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") against Defendant. Over 180 days have passed since filing. Plaintiff Dube has exhausted her administrative remedies.

110. As a direct and proximate result of Defendant's willful, knowing and intentional harassment against her, Plaintiff Dube has suffered and will continue to suffer pain and suffering, mental anguish and emotional distress. Plaintiff Dube has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff Dube is thereby entitled to general and compensatory damages in amounts to be proven at trial.

111. As a further, direct and proximate result of Defendant's violations of Chapter 760 as heretofore described, Plaintiff Dube has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of her employment relationship with Defendant, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which

are presently unknown to her. Plaintiff will therefore seek leave of Court to amend this Complaint in that regard when the same shall be fully and finally ascertained. Plaintiff Dube requests that attorneys' fees and costs be awarded pursuant to Chapter 760 and applicable State law.

112. Plaintiff Dube is informed and believes, and based thereon alleges, that the outrageous conduct of Defendant described above was done with oppression and malice, with a conscious disregard for her rights and with the intent, design and purpose of injuring her. Plaintiff Dube is further informed and believes that Defendant, through its officers, managing agents and/or its supervisor, authorized, condoned and/or ratified the unlawful conduct of its employees and managers. Plaintiff Dube is entitled to punitive damages in an amount to be determined.

113. Plaintiff Dube demands trial by jury on all issues so triable.

WHEREFORE, Plaintiff Dube prays this Court award judgment in her favor against Defendant for compensatory damages including back pay, front pay (or reinstatement), punitive damages and damages for emotional distress, pain and suffering and mental anguish, pre- and post-judgment interest, costs and such other relief as this Court deems proper.

## COUNT V
Retaliation – FCRA

114. Plaintiff Dube realleges paragraphs 1-35 as if fully alleged herein.

115. This action is brought pursuant to the Florida Civil Rights Act; Florida Statutes 760.

116. At all times relevant, Defendant employed over fifteen (15) employees.

117. Plaintiff Dube complained verbally of age and disability discrimination and harassment on several occasions to her manager, Mr. Sheehan. Plaintiff Dube also filed her first charge of discrimination with the EEOC/FCHR two (2) days prior to being pretextually

discharged. Plaintiff Dube engaged in protected activity by complaining of said treatment and filing her EEOC/FCHR complaint.

118. In retaliation, Plaintiff Dube was told that she would no longer report to Mr. Sheehan but to Randy. Plaintiff Dube was essentially being demoted from the senior management team. Following Plaintiff Dube filing her EEOC/FCHR charge, she was fired.

119. Plaintiff Dube again complained of discrimination, harassment and further of retaliation.

120. Shortly thereafter, Plaintiff Dube was told not to attend the senior management meetings (which Plaintiff Dube had been attending for almost thirteen (13) years) and her name was removed from the senior management email distribution list.

121. Plaintiff Dube complained again in a form letter written and sent out on January 16, 2014.

122. Plaintiff Dube continued to be retaliated against for engaging in protected activity.

123. Defendant, through its agents and/or supervisors, engaged in unlawful retaliation against Plaintiff Dube after she engaged in statutorily protected activity by retaliating against her as described above and by subjecting Plaintiff Dube to further hostility, further discrimination and pretextual discharge all in violation of Chapter 760.

124. The above described retaliatory conduct adversely affected the terms and conditions of Plaintiff Dube's employment and interfered with Plaintiff Dube's emotional well-being.

125. Defendant, at all times relevant hereto, had actual and constructive knowledge of the conduct described in paragraphs 1-35 and 117-123.

126. As a result of the retaliatory actions perpetrated by Defendant and maintained by Defendant's failure to protect Plaintiff Dube from further retaliation, Plaintiff Dube suffered emotional distress.

127. Defendant violated Chapter 760 by failing to adequately supervise, control, discipline and/or otherwise penalize the conduct, acts and failures to act of its employees and management as described in paragraphs 1-35 and 117-123.

128. Defendant failed to comply with its statutory duty to take all reasonable and necessary steps to eliminate retaliation from the workplace and to prevent it from occurring in the future.

129. Plaintiff Dube is informed and believes, and based thereon alleges, that in addition to the practices enumerated above, Defendant has engaged in other retaliatory practices against her which are not yet fully known. Plaintiff Dube will seek leave of Court to amend this Complaint in that regard.

130. Plaintiff Dube has dual-filed a charge of discrimination/harassment with the U.S. Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") against Defendant. Over 180 days have passed since filing. Plaintiff Dube has exhausted her administrative remedies.

131. As a direct and proximate result of Defendant's willful, knowing and intentional retaliation against her, Plaintiff Dube has suffered and will continue to suffer pain and suffering, mental anguish and emotional distress and she has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff Dube is thereby entitled to general and compensatory damages in amounts to be proven at trial.

132. Plaintiff Dube is informed and believes, and based thereon alleges, that the outrageous conduct of Defendant described above was done with oppression and malice, with a conscious disregard for her rights and with the intent, design and purpose of injuring her. Plaintiff Dube is further informed and believes that Defendant, through its officers, managing agents and/or its supervisor, authorized, condoned and/or ratified the unlawful conduct of its employees and managers.

133. As a further direct and proximate result of Defendant's violation of Chapter 760, as heretofore described, Plaintiff Dube has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with Defendant, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff Dube, who therefore will seek leave of Court to amend this Complaint in that regard when the same shall be fully and finally ascertained. Plaintiff Dube requests that attorneys' fees and costs be awarded pursuant to Chapter 760 and applicable State law.

134. Plaintiff Dube demands trial by jury on all issues so triable.

WHEREFORE, Plaintiff Dube prays this Court award judgment in her favor against Defendant for compensatory damages including back pay, front pay (or reinstatement), punitive damages and damages for emotional distress, pain and suffering and mental anguish, pre- and post-judgment interest, costs and such other relief as this Court deems proper.

## COUNT VI

Retaliation Related to Separate EEOC/FCHR Investigation – FCRA

135. Plaintiff Dube realleges paragraphs 1-35 as if fully alleged herein.

136. This action is brought pursuant to the Florida Civil Rights Act; Florida Statutes 760.

137. At all times relevant, Defendant employed over fifteen (15) employees.

138. Plaintiff Dube refused to make a false statement for Defendant to submit to the EEOC/FCHR in the Lisa Allen v. Lazy Days investigation. Such refusal to lie to the EEOC/FCHR constituted protected activity under Chapter 760.

139. Defendant's reason for discharging Plaintiff Dube was because Plaintiff would not create false information for an EEOC/FCHR investigation.

140. Defendant, through its agents and/or supervisors, engaged in unlawful retaliation against Plaintiff Dube after she engaged in statutorily protected activity by firing Plaintiff because she refused to submit false information to the EEOC/FCHR in violation of Chapter 760.

141. The above described retaliatory conduct adversely affected the terms and conditions of Plaintiff Dube's employment and interfered with Plaintiff Dube's emotional well-being.

142. Defendant, at all times relevant hereto, had actual and constructive knowledge of the conduct described in paragraphs 1-35 and 138-140.

143. As a result of the retaliatory actions perpetrated by Defendant and maintained by Defendant's failure to protect Plaintiff Dube from further retaliation, Plaintiff Dube suffered emotional distress.

144. Defendant violated Chapter 760 by failing to adequately supervise, control, discipline and/or otherwise penalize the conduct, acts and failures to act of its employees and management as described in paragraphs 1-35 and 138-140.

145. Defendant failed to comply with its statutory duty to take all reasonable and necessary steps to eliminate retaliation from the workplace and to prevent it from occurring in the future.

146. Plaintiff Dube is informed and believes, and based thereon alleges, that in addition to the practices enumerated above, Defendant has engaged in other retaliatory practices against her which are not yet fully known. Plaintiff Dube will seek leave of Court to amend this Complaint in that regard.

147. Plaintiff Dube has dual-filed a charge of discrimination/harassment with the U.S. Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") against Defendant. Over 180 days have passed since filing. Plaintiff Dube has exhausted her administrative remedies.

148. As a direct and proximate result of Defendant's willful, knowing and intentional retaliation against her, Plaintiff Dube has suffered and will continue to suffer pain and suffering, mental anguish and emotional distress and she has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff Dube is thereby entitled to general and compensatory damages in amounts to be proven at trial.

149. Plaintiff Dube is informed and believes, and based thereon alleges, that the outrageous conduct of Defendant described above was done with oppression and malice, with a conscious disregard for her rights and with the intent, design and purpose of injuring her. Plaintiff Dube is further informed and believes that Defendant, through its officers, managing agents and/or its supervisor, authorized, condoned and/or ratified the unlawful conduct of its employees and managers.

150. As a further direct and proximate result of Defendant's violation of Chapter 760, as heretofore described, Plaintiff Dube has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with Defendant, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which

are presently unknown to Plaintiff Dube, who therefore will seek leave of Court to amend this Complaint in that regard when the same shall be fully and finally ascertained. Plaintiff Dube requests that attorneys' fees and costs be awarded pursuant to Chapter 760 and applicable State law.

151. Plaintiff Dube demands trial by jury on all issues so triable.

WHEREFORE, Plaintiff Dube prays this Court award judgment in her favor against Defendant for compensatory damages including back pay, front pay (or reinstatement), punitive damages and damages for emotional distress, pain and suffering and mental anguish, pre- and post-judgment interest, costs and such other relief as this Court deems proper.

Dated: April 20, 2015

Respectfully Submitted,

/s/ Kathryn C. Hopkinson
**Kathryn C. Hopkinson, Esq.**
Florida Bar No.: 0102666
khthompsonlegal@gmail.com
**James M. Thompson, Esq.**
Florida Bar No.: 0861080
jmthompsonlegal@gmail.com
**Lauren T. Orebaugh, Esq.**
Florida Bar No.: 0105451
lothompsonlegal@gmail.com
THOMPSON LEGAL CENTER, LLC.
5010 West Carmen Street, Suite 2030
Tampa, Florida 33609
(813) 769-3900 • (813) 425-3999 Fax
Counselors for Plaintiff Deborah Dube