UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DEBORAH DUBE,**

    **Plaintiff,**

v.	CASE NO. 8:15-cv-001187-T-30-AEP

**LDRV HOLDING CORP.**
**d/b/a LazyDays,**

    **Defendant.**
_____/

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION
TO PLAINTIFF'S MOTION TO REMAND**

**I.**

Plaintiff Deborah Dube brought this action against her former employer, LDRV Holding Corp., d/b/a LazyDays ("LazyDays"), asserting claims for age discrimination and harassment, disability discrimination and harassment, as well as two retaliation claims, all purportedly pursuant to the Florida Civil Rights Act ("FCRA"). Dube's claim in Count VI alleges that Dube was terminated in retaliation for her refusal to submit false information in response to a charge of discrimination filed by another former employee, Lisa Allen. More specifically, the Complaint alleges that "Plaintiff Dube refused to submit false information to the EEOC as demanded by Defendant." [Complaint, ¶ 31].

On May 18, 2015, LazyDays removed the case to this Court on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331. [Doc. 1]. On June 1, 2015, Dube filed her motion to remand. [Docs. 8, 9, 9-1].

As more fully discussed below, Dube's motion to remand should be denied. Dube's allegation that she was retaliated against for refusing to submit false information

to the EEOC during its investigation of Lisa Allen's charge of discrimination constitutes a federal cause of action.

## II.

## ARGUMENT

**A.     Applicable Legal Principles**

Pursuant to 28 U.S.C. § 1331, district courts have federal question jurisdiction over suits "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Generally, an action 'arises under' federal law when federal law creates the cause of action." *Johnson v. Wellborn*, 418 Fed. Appx. 809, 814 (11th Cir. 2011). "Whether the district court has jurisdiction can be determined from the "face of the plaintiff's well-pleaded complaint," *i.e.*, from the pleading itself "as the plaintiff chooses to frame it," without the requirement of evidence or a merits inquiry. *See Merrell Dow Pharmaceuticals v. Thompson*, 478 U.S. 804, 808 (1986); *Kemp v. Int'l Business Machines Corp.*, 109 F.3d 708, 712 (11th Cir. 1997).

However, a plaintiff cannot defeat removal of a federal claim by disguising, intentionally omitting, or "artfully pleading" a federal cause of action as a state claim. *See Rivet v. Regions Bank of Louisiana,* 522 U.S. 470, 475 (1998) (*citing Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 22 (1983)). "A plaintiff may draft [her] complaint in such a way as to avoid stating a federal claim, but if the allegations apparent on the face of the complaint make out a claim arising under federal law, removal is proper, even if plaintiff never expressly refers to federal law." *Ziegler v. Howard P. Foley Co.*, 468 F. Supp. 221, 223 (E.D. Tex. 1979)

GREENBERG TRAURIG, P.A.

2

(*citing Jones v. General Tire & Rubber Co.*, 541 F.2d 660, 664 (5th Cir. 1976) (emphasis added)).

Upon removal, the removal court should "inspect the complaint carefully to determine whether a federal claim is necessarily presented, even if the plaintiff has couched [her] pleading exclusively in terms of state law." *In re Carter*, 618 F.2d 1093, 1101 (5th Cir. 1980), *cert. denied*, 450 U.S. 949 (1981). "The reviewing court looks to the substance of the complaint, not to the labels used in it." *Id.* "If such is the case, the reviewing court will 'uphold removal even though no federal question appears on the face of the complaint.'" *Romano v. Kazacos*, 609 F.3d 512, 579 (2d Cir. 2010) (*quoting Rivet*, 522 U.S. at 475).

*MSOF Corp. v. Exxon Corp.*, 295 F.3d 485 (5th Cir. 2002); *Caterpillar Inc. v. Williams*, 482 U.S. 386 (1987); *Franchise Tax Board of the State of California v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1 (1983), cited by Dube, lend no support to her motion. Rather, these cases merely articulate the well-established principle that removal jurisdiction cannot be based on a *federal defense* where no federal question exists on the face of the complaint and the case is not otherwise subject to "complete preemption." See *MSOF* 295 F.3d at 4930494 (claims were not preempted by Comprehensive Environmental Response, Compensation, and Liability Act); *Caterpillar*, 482 U.S. at 2433 (federal defense did not create federal jurisdiction); *Franchise Tax Bd.*, 463 U.S. at 2855 (claims were not preempted by Employee Retirement Income Security Act).

Finally, a federal court should "be cautious about remand, lest it erroneously deprive [a] defendant of the right to a federal forum." *Diebel v. S.B. Trucking Co.,* 262

F.Supp.2d 1319, 1326 (M.D. Fla. 2003). "The removal process was created by Congress to protect defendants. Congress 'did not extend such protection with one hand, and with the other give plaintiffs a bag of tricks to overcome it.'" *Legg v. Wyeth,* 428 F.3d 1317, 1325 (11th Cir. 2005), *quoting McKinney v. Bd. of Trustees of Maryland Community Coll.,* 955 F.2d 924, 928 (4th Cir. 1992).

B. **Count VI Of The Complaint Asserts A Federal Claim**

Under either Florida or federal law, it is unlawful for an employer to retaliate against an employee because of her protected "opposition" to or "participation" in an employment agency investigation. *See* 42 U.S.C. § 2000e-3(a); Section 760.10(7), *Florida Statutes.* Dube admits that Count VI of her Complaint seeks to invoke the "participation" prong of a retaliation claim. [Doc. 8, p. 3].

Section 760.10(7), *Florida Statutes*, prohibits retaliation against any person "because that person . . . has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing **under this section**." (Emphasis added). Under the FCRA, the Florida Commission of Human Relations is empowered to conduct investigations. *See* § 760.06(5), *Florida Statutes.*

The language of Section 760.10(7), *Florida Statutes* should be read literally. *See Stansell v. Revolutionary Armed Forces of Colombia,* 704 F.3d 910, 915 (11th Cir. 2013) ("a statute's plain language controls unless it is *inescapably* ambiguous"); *see also Johnson v. Feder*, 485 So. 2d 409, 411 (Fla. 1986) ("We are compelled by well-established norms of statutory construction to choose that interpretation of statutes and rules which renders statutory provisions meaningful. Statutory interpretations that render statutory provisions superfluous are, and should be, disfavored").

Thus, based on the plain language of § 760.10(7), *Florida Statutes,* only participation in an investigation, proceeding or hearing before the FCHR falls within the scope of that statutory provision. *See Carter v. Health Mgmt. Associates,* 989 So. 2d 1258, 1264 (Fla. 2d DCA 2008) (the FCRA's participation clause "protects proceedings and activities which occur in conjunction with or after the filing of a formal charge with the [**FCHR**]." (Internal citation omitted) (Emphasis supplied).

Here, in support of her retaliation claim in Count VI, Dube makes the following factual allegations:

   a.   LazyDays discharged employee Lisa Allen.  [Compl. ¶ 30].

   b.   Dube disagreed with the decision to discharge Allen because Allen had not received prior written warnings.  *Id.*

   c.   Lisa Allen filed a discrimination charge against LazyDays with the **EEOC**. *Id.* at ¶ 31.

   d.   Counsel for LazyDays asked Dube to change her recommendation not to discharge Allen.  *Id.* at ¶ 31.

   e.   Dube "refused to submit false information to the **EEOC**."  *Id.*  (Emphasis supplied).

   f.   Dube was terminated for this refusal.  *Id.* at ¶¶ 32, 139.

Thus, by alleging that she was retaliated against on account of her participation in an EEOC investigation into a former employee's EEOC charge, Dube "necessarily presented" a federal claim under Title VII in Count VI of the Complaint. *In Re Carter,* 618 F.2d at 1101.

**C.     Dube's Attempt To Rely on The Worksharing Agreement Is Misplaced**

In her motion to remand, Dube does not contest the fact that the plain meaning of § 760.10(7), *Florida Statutes* is that it prohibits retaliation because of participation in an investigation, proceeding or hearing with the FCHR.  Nor does she contest that Lisa Allen's charge of discrimination was being investigated by the EEOC or that Count VI of the Complaint asserts a retaliation claim premised upon Dube's participation with respect to an EEOC investigation.  Instead, Dube argues that a contract between the EEOC and the FCHR, called a "Worksharing Agreement," transformed the EEOC investigation into an investigation "under this section" within the meaning of § 760.10(7), *Florida Statutes.*  This argument is flawed and should be rejected, for several reasons.

In the first place, contrary to Dube's assumption, there is no evidence that Lisa Allen requested that her EEOC charge be dual-filed with the FCHR or that it actually was dual-filed.  Moreover, Section 11(E) of the 2014 Worksharing Agreement[1] required that the EEOC and the FCHR <u>both</u> notify LazyDays, within ten days of the dual-filing of Lisa Allen's charge of discrimination.  Neither agency supplied that notification to LazyDays, supporting the conclusion that Lisa Allen did not request that her EEOC charge be dual-filed with the FCHR.  *See* Declaration of Randall R. Lay, attached hereto as Ex. No. 2.  That conclusion is further supported by the fact that LazyDays has never received any notification from the FCHR about its disposition of the Lisa Allen charge.  *Id*.

Moreover, Dube misapprehends the scope and effect of the 2014 Worksharing Agreement.  Under the Worksharing Agreement, the EEOC and the FCHR "each

---

[1] A copy of the 2014 Worksharing Agreement is attached hereto as Ex. No. 1.

designate[s] the other as its agent." However, the Worksharing Agreement states that this agency relationship is limited to the "purpose of **receiving and drafting charges**," *not* investigating them. [2014 Worksharing Agreement, Section II(A)]. The Worksharing Agreement also states that "[t]he EEOC's receipt of charges on the FEPA's behalf will automatically initiate the proceedings of both the EEOC and the FEPA for the purposes of *Section 706(c) and (e)(1) of Title VII*" only. (2014 Worksharing Agreement Section II.A.). These sections of Title VII do not govern investigations; instead, they are procedural and merely delineate the timeframe for initiating an agency action. Given that fact, it cannot be said that the FCHR has contractually delegated to the EEOC the right to act as its "agent" for purposes of conducting investigations.

Most importantly, Chapter 760, *Florida Statutes*, does not provide that an EEOC investigation is an investigation "under this section" within the meaning of Section 760.10(7), *Florida Statutes.* Nor does the Worksharing Agreement. In fact, the Florida Administrative Code supports the opposite conclusion. It contemplates that, even if a charge is dual-filed with the EEOC and the FCHR, the FCHR is not bound by the EEOC's investigation, but is obligated to pursue a separate investigation or determination. *See* Fla. Admin. Code Ann. R. 60Y-5.002(5) ("If the referral of the complaint does not result in settlement or withdrawal of the complaint, the Executive Director shall assign the complaint, with the report of the referral agency for investigation, determination of reasonable cause or conciliation, as may be appropriate"). *See also Segura v. Hunter Douglas Fabrication Co.*, 184 F. Supp. 2d 1227, 1228 (M.D. Fla. 2002) (a determination by the EEOC is not a determination by the

FCHR); *Jones v. Lakeland Reg'l Med. Ctr.*, 805 So. 2d 940, 941 (Fla. 2d DCA 2001) (same).

In short, Dube's argument that the EEOC's investigation into the Lisa Allen charge of discrimination was an investigation "under this section" within the meaning of Section 760.10(7), *Florida Statutes,* is factually and legally flawed and should be rejected. Therefore, Dube's Count VI retaliation claim for her alleged participation in the investigation of Allen's EEOC charge is a claim arising under federal law.

### III.
### CONCLUSION

For the foregoing reasons, Defendant, LDRV Holdings Corp. d/b/a LazyDays, respectfully requests that this Court deny Plaintiff's Motion to Remand.

    Respectfully submitted,

    /s/ Richard C. McCrea, Jr.
    Richard C. McCrea, Jr.
    Florida Bar No. 351539
    Email: mccrear@gtlaw.com
    Jamie Moore Marcario
    Florida Bar No. 0089366
    Email: marcarioj@gtlaw.com
    GREENBERG TRAURIG, P.A.
    625 E. Twiggs Street, Suite 100
    Tampa, FL  33602
    (813) 318-5700 – Phone
    (813) 318-5900 – Facsimile
    Attorney for Defendant

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 16, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to:

Kathryn C. Hopkinson, Esquire
James M. Thompson, Esquire
Lauren T. Orebaugh, Esquire
Thompson Legal Center, LLC
5010 West Carmen Street, Suite 2030
Tampa, FL 33609

/s/ Richard C. McCrea, Jr.
Attorney

*TPA 512040152v6*