## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

DEBORAH DUBE,

      Plaintiff,

v.                             Case No: 8:15-cv-1187-T-30AEP

LDRV HOLDINGS CORP.,

      Defendant.

_____

## **ORDER**

      THIS CAUSE comes before the Court upon the Plaintiff's Motion to Remand to State Court (Dkt. #8) and Defendant's Memorandum in Opposition (Dkt. #11). Upon review and consideration, it is the Court's conclusion that the Motion should be granted.

### *Background*

      On April 20, 2015, Plaintiff filed a complaint in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, in the case styled *Deborah Dube v. LDRV Holdings Corp. d/b/a Lazy Days*, Case No. 15-CA-3564. Dube alleged causes of action for employment discrimination, harassment and retaliation exclusively under the Florida Civil Rights Act (the "FCRA"), Chapter 760, Florida Statutes. On May 18, 2015, the Defendant filed a Notice of Removal asserting that Count VI of the complaint alleges a cause of action arising under federal law thereby conferring this Court with jurisdiction.

*Discussion*

A removing defendant must establish the propriety of removal under 28 U.S.C. § 1441 and, therefore, must demonstrate the existence of federal jurisdiction. *See Scimone v. Carnival Corp*., 720 F.3d 876, 882 (11th Cir. 2013). The same burden applies in response to a motion to remand. *See Connecticut State Dental Ass'n v. Anthem Health Plans, Inc*., 591 F.3d 1337, 1343 (11th Cir. 2009) ("On a motion to remand, the removing party bears the burden of showing the existence of federal subject matter jurisdiction."). The Court must construe removal statutes narrowly, with all jurisdictional doubts being resolved in favor of remand to state court. *See Scimone*, 720 F.3d at 882 ("[W]e strictly construe the right to remove …, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand.") (internal marks omitted).

The "well-pleaded complaint rule," provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's complaint. *See Caterpillar Inc., v. Williams*, 482 U.S. 386 at 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987); *Pretka v. Kolter City Plaza II, Inc*., 608 F.3d 744, 765 n. 20 (11th Cir. 2010).   It is a "time-honored principle that plaintiffs are the master of the complaint and are free to avoid federal jurisdiction." *Scimone*, 720 F.3d at 882 (internal citation and quotation marks omitted). *See also Hill v. BellSouth Telecommunications, Inc.*, 364 F.3d 1308, 1314 (11th Cir. 2004). ("[T]he plaintiff is the master of the complaint, free to avoid federal jurisdiction by pleading only state claims even where a federal claim is also available." )

In support of its argument, the Defendant relies on the "artful pleading doctrine" which is an "independent corollary" to the well-pleaded complaint rule. *See Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998). It allows the Court to look beyond the face of the complaint and uphold removal where federal law completely preempts a plaintiff's state law claim.   *See id.* Title VII does not preempt claims under the FCRA. *See* 42 U.S.C. § 2000h–4 ("Nothing contained in any title of this Act shall be construed as indicating an intent on the part of Congress to occupy the field in which any such title operates to the exclusion of State laws on the same subject matter[.]"). Therefore, Defendant must show that Count VI involves a substantial question of federal law. *See Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. California*, 463 U.S. 1, 13 (1983) ("[O]riginal federal jurisdiction is unavailable unless it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims[.]").

Dube alleges in paragraph 31 of her complaint that:

> On June 12, 2014, [an attorney representing the Defendant] asked Plaintiff Dube to change her recommendation to not discharge Ms. Allen (Defendant was preparing its response to the EEOC and, as part of its response, Defendant wanted to fabricate "facts" related to Ms. Allen's discharge, claim the discharge was justified and falsely claim everyone had agreed with the discharge decision). Plaintiff Dube did not feel comfortable with said request, did not want to lie to a government agency and therefore did not change her recommendation that Ms. Allen should not have been terminated. In doing so, Plaintiff Dube refused to submit false information to the EEOC as demanded by Defendant.

Based on the foregoing, Dube alleges in Count VI of her complaint that the Defendant violated the FCRA by firing her for "refus[ing] to make a false statement for Defendant to submit to the EEOC/FCHR" and that "such refusal to lie to the EEOC/FCHR constituted protected activity under Chapter 760." She also alleges that "Plaintiff Dube was discharged not only because of her age and disabilities and in retaliation for engaging in protected activity but also because she refused to sign a false report and recommendation that was to be given to the EEOC in its investigation of the Lisa Allen v. Lazy Days Charge."

Section 760.10(7), Florida Statutes states:

> It is an unlawful employment practice for an employer … to discriminate against any person because that person has opposed any practice which is an unlawful employment practice under this section, or because that person has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this section.

Since this statutory provision pertains to participation in an investigation "under this section," the Defendant argues that a retaliation claim can only arise under the FCRA when the Florida Commission of Human Relations ("FCHR") conducts an investigation. Therefore, the Defendant argues that Dube's claim necessarily pleads a federal retaliation claim because it references Dube's participation in an EEOC investigation. It relies on *Carter v. Health Mgmt. Associates*, 989 So. 2d 1258, 1264 (Fla. 2d DCA 2008); where the court stated that the FCRA "protects proceedings and activities which occur in conjunction with or after the filing of a formal charge with the [FCHR]." *Id.* (brackets in original).

But, the court in *Carter* also mentioned that to sustain a claim for retaliation for participation "some employee must file a charge with the EEOC (or [the FCHR]) or otherwise instigate proceedings under the statute for the conduct to come under the participation clause." *Id*. (brackets in original) (quoting *E.E.O.C. v. Total Sys. Servs.*, Inc., 221 F.3d 1171, 1174 n. 2 (11th Cir. 2000)). Further, the FCRA specifically permits a person to file a claim which arises under the FCRA with the EEOC. *See* § Fla. Stat.  760.11(1) ("a complaint under this section may be filed with the federal Equal Employment Opportunity Commission or with any unit of government of the state which is a fair-employment-practice agency under 29 C.F.R. ss. 1601.70-1601.80."). *See also Mason v. K Mart Corp.*, 1 F.Supp. 2d 1333, 1336 (M.D. Fla. 1998) (finding the plaintiff's filing with the EEOC to constitute a filing with the FCHR).[1]

Therefore, Allen's choice to file of her charge with the EEOC does not necessarily mean that her claim did not arise under the FCRA since the EEOC can investigate claims arising under the FCRA. *See Mitchell v. Palm Beach County Sch. Bd.*, 127 So. 3d 707, 708 n. 2 (Fla. 4th DCA 2013) ("FCHR may not be required to conduct a completely new

---

[1] Dube asserts that Allen dual-filed her charge of discrimination. In an affidavit by Randall Lay who oversees the Human Resources Department, the Defendant asserts that it did not receive any notice from the FCHR and the written notices it received from the EEOC did not indicate that Allen dual-filed her charge. These assertions are not dispositive of whether Allen dual-filed or intended to dual-file her charge, which is a highly litigated issue in employment discrimination cases. *See, e.g., Gonzalez v. Nat'l Settlement Solutions, Inc.*, No. 14-80484-CIV, 2014 WL 4206812, at *1 (S.D. Fla. Aug. 25, 2014) (denying defendant's motion to dismiss based on its argument that it was "unclear" whether plaintiff properly presented his claims to the FCHR when he filed his charge with the EEOC). In any event, it only serves to create doubt as to whether Allen dual-filed the charge, which the Court resolves in favor of remand. *See Scimone*, 720 F.3d at 882.

investigation of the complaint, due to the previously filed complaint and the application of a "Worksharing Agreement" between FCHR and the EEOC."). *See also* Fla. Stat. § 760.01(3) ("The [FCRA] shall be … liberally construed to further the general purposes stated in this section and the special purposes of the particular provision involved.").

Removal is not proper unless the federal question presented is necessary to the resolution of the controversy or strong federal interests are implicated. *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 314–315, 125 S.Ct. 2363, 162 L.Ed.2d 257 (2005). Plaintiff's retaliation claim under the FCRA does not require the interpretation of federal law and does not implicate significant federal issues. *See Roberts v. TJX Companies, Inc.*, 3:14-CV-746-J-39MCR, 2015 WL 1062331, at *5 (M.D. Fla. Jan. 23, 2015) *report and recommendation adopted*, 3:14-CV-746-J-39MCR, 2015 WL 1064765 (M.D. Fla. Mar. 11, 2015) (remanding case after rejecting defendant's argument that plaintiff's breach of contract claim for failure to compensate her for hours worked in excess of forty hours per week was in fact a claim under FLSA under the artful pleading doctrine because the claims did not require establishing a violation of the FLSA itself).

This Court does not have federal question jurisdiction over the claim. Therefore, remand is proper, "especially in light of the narrow interpretation of federal jurisdiction and the preference for remand in doubtful situations." *Escala v. Victoria's Secret Stores, LLC*, 727 F. Supp. 2d 1350, 1352 (S.D. Fla. 2009) (citing *Diaz v. Sheppard,* 85 F.3d 1502, 1505 (11th Cir. 1996)) (remanding case to state court when defendant removed based on artful pleading doctrine arguing that plaintiffs' claims of unlawful retaliation under the

Florida private Whistle-blower's Act for reporting violations of Title VII, the FCRA, the Fair Labor Standards Act, 29 U.S.C. § 201; and the Bank Secrecy Act, 31 U.S.C. § 1051).

*Conclusion*

The Defendant has not met its burden to establish federal jurisdiction. The Court concludes that remand is appropriate in this case.

It is therefore **ORDERED AND ADJUDGED** that:

1.      Plaintiff's Motion to Remand to State Court (Dkt. #8) is **GRANTED**.

2.      This case is **REMANDED** to the Circuit Court for the Thirteenth Judicial Circuit in and for Hillsborough County, Florida.

3.      All pending motions are denied as moot and the Clerk of Court is directed to close this case.

**DONE** and **ORDERED** in Tampa, Florida, this 25th day of June, 2015.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2015\15-cv-1187 remand.docx

7